```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION

NATIONAL TRUST INSURANCE
COMPANY,

         Plaintiff,             Case No. 8:11-cv-1437-T-33MAP
v.

GRAHAM BROTHERS CONSTRUCTION
COMPANY, INC., SPECIALIZED
SERVICES, INC., LEN-VERANDAHS,
LLP, and TED GRAHAM,

         Defendants.
_____/

LEN-VERANDAHS, LLP,

         Counter-Plaintiff,
v.

NATIONAL TRUST INSURANCE
COMPANY,

         Counter-Defendant.
_____/
```

## ORDER

This matter comes before the Court pursuant to Plaintiff National Trust Insurance Company's Motion to Strike Affirmative Defenses (Doc. # 68), which was filed on April 10, 2012. Defendant Len-Verandahs, LLP filed a response (Doc. # 70) on April 24, 2012. For the reasons that follow, the Court denies the Motion.

**I.   Background**

National Trust Insurance Company initiated this insurance

declaratory judgment action on August 10, 2010, and filed the Second Amended Complaint (Doc. # 6) on August 24, 2010. In essence, National Trust Insurance Company asserts that there is no insurance coverage and/or that exclusions apply such that the complained of loss is not covered.

On March 20, 2012, Defendant Len-Verandahs, LLP filed its Answer, Affirmative Defenses, and Counterclaim (Doc. # 65). National Trust Insurance Company seeks an order striking Defenses 2, 3, 6, 9, 10, and 11, which follow:

**Second Affirmative Defense**:

Notice to National Trust or its agents of the underlying claims and suits substantially complied with the notice requirements of the insurance policy, and National Trust was not prejudiced by the alleged failure of SSI and/or Graham Brothers to strictly comply with the policy's notice requirements.

**Third Affirmative Defense**
Len-Verandahs was an "additional insured" under the insurance policy, thus Len-Verandahs's notice of claims to National Trust satisfied the policy's notice requirements.

**Sixth Affirmative Defense**

The exclusions, conditions and other language of the policy upon which National Trust relies in contesting coverage are inconsistent, ambiguous, and deceptively affect the risk purported to be assumed in the general coverage of the policy. Additionally, the policy contains "unnecessarily long, complicated, or obscure words, sentences, paragraphs, or constructions," contrary to the requirements of Fla. Stat. 627.4145. Said

provisions "shall be construed and applied in accordance with such conditions and provisions as would have applied had such policy, rider, or endorsement been in full compliance with Florida's insurance code. Fla. Stat. 627.418. Moreover, ambiguous, conflicting or misleading provisions must be construed in favor of coverage, in accordance with Florida public policy.

### Ninth Affirmative Defense

The damages Len-Verandahs was awarded in the prior action against SSI, or a portion thereof, resulted from physical injury to Len-Verandahs' tangible property that occurred during the policy period.

### Tenth Affirmative Defense

The purported "contractual liability" exclusion under the policy does not apply because (i) SSI and Graham Brothers would have been liable for Len-Verandahs' damages even in the absence of a contract or agreement with Len-Verandahs; or in the alternative, (ii) the damages Len-Verandah's was awarded against SSI include an amount for which Len-Verandahs was liable for property damage to a third person or organization, and in SSI's insured contract with Len-Verandahs . . . SSI assumed Len-Verandah's liability for said property damage.

### Eleventh Affirmative Defense

To the extent the purported "your work" exclusions in the policy would otherwise be enforceable despite being misleading and vague when construed with the policy as a whole, they are inapplicable here, because among things the work was performed either (i) on Len-Verandahs' behalf by SSI, or in the alternative (ii) on SSI's behalf by Graham Brothers.

(Doc. # 65 at 6-8).

**II.  Legal Standard**

Affirmative defenses are subject to the general pleading requirements of Rule 8.  Rule 8(b)(1)(A), Fed.R.Civ.P., requires that a party "state in short plain terms its defenses to each claim asserted against it." Len-Verandahs's description of its defenses satisfies Rule 8.

Affirmative defenses are also evaluated against the touchstone of Rule 12(f), Fed.R.Civ.P., which states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their "drastic nature." Royal Ins. Co. of Am. v. M/Y Anastasia, No. 95-cv-60498/RV, 1997 U.S. Dist. LEXIS 15595, at *10 (N.D. Fla. Jan. 30, 1997).  Further, as stated in Florida Software Systems v. Columbia/HCA Healthcare Corp., No. 8:97-cv-2866-T-17B, 1999 U.S. Dist. LEXIS 15294, at *4 (M.D. Fla. Sept. 16, 1999), "An affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove."

In addition, courts may strike a defense if it has "no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties." Ayers v.

-4-

Consol. Constr. Servs. of SW Fla., Inc., 2:07-cv-123, 2007 U.S. Dist. LEXIS 86596, at *2 (M.D. Fla. Nov. 26, 2007). "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike." Fla. Software Sys., 1999 U.S. Dist. LEXIS 15294, at *4.

### III. Analysis

A true affirmative defense is "one that admits to the complaint, but avoids liability, wholly, or partly, by new allegations of excuse, justification or other negating matters." Bluewater Trading, LLC v. Willimar USA, Inc., No. 07-cv-61284, 2008 U.S. Dist. LEXIS 108191, at *2 (S.D. Fla. Sept. 9, 2008). Rule 8(c)(1) includes a list of affirmative defenses, such as accord and satisfaction, estoppel, laches, res judicata, and waiver.

The Defenses at issue are not true affirmative defenses. They do not admit the allegations of the Complaint but avoid liability based upon some negating factor. Rather, Len-Verandahs raises in such Affirmative Defenses factual and legal issues bearing on the sufficiency and merits of National Trust Insurance Company's Complaint. This Court is not inclined to strike the Defenses. As explained in Ohio National Life Assurance Corp. v. Langkau, No. 3:06-cv-290,

2006 U.S. Dist. LEXIS 60062, at *6-7 (M.D. Fla. Aug. 15, 2006):

> In attempting to controvert an allegation in the complaint, the defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial. But as long as the pleading clearly indicates the allegations in the complaint that are intended to be placed in issue, the improper designation should not prejudice the pleader. If plaintiff has been given "plain notice" of the matters to be litigated which is all the federal pleading rules require, he should be put to this proof irrespective of any error by defendant regarding terminology. The federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled.

Id. (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1269 (2d ed. 1991), pp. 409-10).

In the Complaint, National Trust Insurance Company seeks an order finding that there is no coverage available under its insurance policy. The Defenses at issue attack the merits of the Complaint and suggest that coverage is available. The Court determines that each of the questioned Defenses passes muster under the standards noted above. The Defenses put into issue relevant and substantial legal and factual questions. Furthermore, the Defenses relate squarely to the controversy, do not confuse the issues, and do not appear to cause prejudice to any party. The Court thus denies the Motion.

Accordingly, it is now

-6-

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff National Trust Insurance Company's Motion to Strike Affirmative Defenses (Doc. # 68) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>18th</u> day of July 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:   All Counsel of Record